# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BAUER,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. C 08-2045-MWB<br>(No. CR 06-2056-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Trial, Sentence, and Appeal* . . . . . . . . . . . . . . . . . . 2
    *B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Standards For Relief Pursuant To §2255* . . . . . . . . . . . . . . . . . 3
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *C. Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . 6
        1.    Applicable Standards . . . . . . . . . . . . . . . . . . . . . . 6
        2.    *Failure To Properly Advise Regarding Appeal* . . . . . . . . . 9

*III. REMEDY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

This case is before the court pursuant to petitioner Christopher Bauer's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 2), filed on June 2, 2008, by and through counsel. Bauer claims that his trial counsel provided him with ineffective assistance by failing to provide reasonable advice regarding an appeal of his sentence. The prosecution denies that Bauer is entitled to any relief.

### A. *Charges, Trial, Sentence, and Appeal*

On December 6, 2006, Bauer was charged, by a one-count indictment (CR 06-2056, docket no. 2), with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Bauer appeared before United States Magistrate Judge John A. Jarvey on December 18, 2006, and pled not guilty as charged. *See* CR 06-2056, docket no. 8. On February 16, 2007, Bauer appeared before Judge Jarvey and entered a plea of guilty to the offense. *See* CR06-2056, docket no. 25. On February 26, 2007, Judge Jarvey entered a Report and Recommendation to Accept Guilty Plea. (CR 06-2056, docket no. 24). By Order (CR 06-2056, docket no. 28), of February 16, 2007, the undersigned accepted the Report and Recommendation, thereby accepting Bauer's plea of guilty. Bauer appeared before the undersigned on June 14, 2007, for a sentencing hearing. *See* CR06-2056, docket no. 33. Bauer was sentenced to 86 months imprisonment, with his sentence to run concurrently with terms of incarceration imposed by the State of Iowa in eight separate cases.

### B. Section 2255 Motion

On June 2, 2008, Bauer, by and through counsel, filed this Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 2)("Motion"). The prosecution filed a Response (docket no.7), on September 22, 2008. On October 17, 2008, Bauer, by and through counsel, filed a Reply Brief (docket no. 8).

## II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To §2255

Turning to the legal analysis of Bauer's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal

habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have

4

acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Bauer's claims for § 2255 relief.

### *B. Preliminary Matters*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster*

5

*v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Bauer is entitled to relief on the undisputed record.

Some of Bauer's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court finds that Bauer can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel.

### C. Ineffective Assistance of Counsel
#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct

6

appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Bauer is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires

7

the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423

8

F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Properly Advise Regarding Appeal*

Bauer asserts that his trial counsel provided ineffective assistance by failing to provide him with competent advice regarding the merits of an appeal of his sentence. (Motion at 4). Bauer claims that but for this deficient advice, he would have filed an appeal. (Brief at 10).

The respondent claims that Bauer did not receive ineffective assistance of counsel because the court did not err when it imposed a sentence on Bauer without giving him credit for time served and that, because the court did not err, counsel did not provide ineffective assistance in failing to advise Bauer to appeal. (Pros. Brief at 11).

Counsel has a constitutionally imposed duty to consult with a defendant when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (citing *Strickland*, 466 U.S. at 688). The Eighth Circuit has established that, when a defendant claims that his attorney rendered ineffective assistance by providing erroneous advice regarding a direct appeal, "counsel's deficient performance must actually cause the forfeiture of the defendant's appeal." *Keys v. United States*, 545 F.3d 644, 648 (8th Cir. 2008) (citing *Strickland*, 528 U.S. at 484). Although

showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to specify the points he would raise were his right to appeal reinstated will not foreclose the possibility that he can satisfy the prejudice requirement, where there are other substantial reasons to believe that he would have appealed. *Id*.

In Bauer's case, at sentencing, the court addressed the issue of credit for time served, ultimately deciding that because Bauer had numerous undischarged and unrelated state sentences, in addition to one state sentence that was undischarged, but related, the decision whether to award credit for time served on state charges was governed by 5G1.3(c) and not by 5G1.3(b). See docket nos. 37 & 38.

U.S.S.G. § 5G1 governs the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Subsection (a) provides as follows:

> If the instant offense was committed while the defendant was serving a term of imprisonment… or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a). Subsection (b) provides a different rule for related offenses.

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), of (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period

10

> of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b). Subsection (c), a policy statement, provides as follows:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c). The Eighth Circuit Court of Appeals has held that subsection (c) does not provide a court with authority to grant credit for time served. *See United States v. Hurley*, 439 F.3d 955, 957 (8th Cir. 2006).

One of the Commentary notes, in the section titled "Application of Subsection (c)," states, purports to explain the interplay between these provisions, as follows:

> Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3 Commentary 3(D).

Bauer, through counsel, argues that U.S.S.G. § 5G1.3(b) governs this case and that Bauer should have received credit for time served for a state conviction in Buchanan County, Iowa (Iowa Case No. FECR073387). (Brief at 2). The parties do not appear to dispute that the Buchanan County conviction appears in the PSIR as relevant conduct and

was the basis for an increase in the offense level for the instant federal offense. (Brief at 6). Although the issue was not addressed by the court, counsel for Bauer argues that there is no authority for the Bureau of Prisons to credit Mr. Bauer with credit for time served in state custody, citing to 18 U.S.C. § 3585(a). (Brief at 6). Thus, Bauer's counsel asserts, Bauer fell directly into the requirements of U.S.S.G. § 5G.1.3(b), at the time of sentencing, and should have received credit for time served on the Buchanan County offense. Bauer argues that he should have received credit from the time he was arrested on the state offense, for a grand total of 718 days. (Brief at 9).

Bauer relies on *United States v. Morris*, 458 F.3d 757 (8th Cir. 2006), for the proposition that it is plain error for a district court not to give a defendant credit for time served if he has a conviction that falls squarely within U.S.S.G. § 5G1.3(b), even when the same defendant also has undischarged sentences from other unrelated state convictions. (Brief at. 6). The respondent asserts that the commentary note overrides U.S.S.G. § 5G1.3(b) whenever there are multiple undischarged state sentences, some of which are unrelated to the instant federal offense. The respondent argues that Bauer misconstrues the opinion in *Morris*. (Pros. Brief at 13). The respondent asserts that *Morris* did not address the problem of whether a defendant should receive credit for time served on undischarged state convictions when some convictions are relevant conduct and some convictions are not. (Pros. Brief at 13).

*Morris* was decided on August 15, 2006, and Bauer pleaded guilty on February 16, 2007, and was sentenced on July 14, 2007. Thus, *Morris* was controlling authority at the time of Bauer's sentencing. The defendant in *Morris* was serving state prison sentences, in the state of Missouri, at the time he was indicted on a federal charge of being a felon in possession of a firearm. *Morris*, 458 F.3d at 758. Prior to his indictment, Morris plead guilty to a charge of burglary and receipt of stolen property, in LaFayette County,

12

Missouri, relating to the firearm at issue in the federal offense. *Id*. Morris was also serving his sentences on "other Missouri convictions" at the time of his federal indictment. *Id*. The sentencing court did not consider the state cases relevant conduct, treated Morris as an armed career criminal, found that U.S.S.G. § 5G1.3(b) did not apply, and did not give Morris credit for time served on the LaFayette County conviction. *Id*. at 759.

The Eighth Circuit Court of Appeals remanded the case to the district court for resentencing because of the combined errors of "miscalculating the guidelines sentencing range and failing to apply § 5G1.3(b)." *Id*. at 761 Specifically, the district court was advised to grant Morris an adjustment of his sentence for time served on his Missouri state conviction for burglary and receipt of stolen property pursuant to § 5G1.3(b). *Id*. at 762. Thus, even if *Morris* is ambiguous as to treatment of the un-related offenses and ultimate sentence and is silent as to the effect of Comment D, *Morris* unambiguously states in cases like Bauer's—involving undischarged sentences for both related and un-related offenses—if it is established that the Bureau of Prisons will not give credit for time served, that a defendant must be given credit for time served on a related offense.[1]

This court determines that there were sufficient ambiguities in the law at the time of Bauer's sentencing hearing to provide a basis for a non-frivolous appeal and further believes that if Bauer had been properly advised regarding such ambiguities, he would have sought such an appeal. As a rational defendant, Bauer would have wanted to appeal

---

[1] This court does not construe Bauer's ineffective assistance of counsel claim for failure to properly advise on appeal so broadly as to also include a claim of ineffective assistance of counsel at sentencing. This has not been pleaded or argued. Whatever the merits of sentencing counsel's failure to research and argue *Morris* at sentencing, that claim is not before the court. Admittedly, Bauer's requested remedy is consistent with this claim. However, allowing an unpleaded claim to go forward merely because it is consistent with a pleaded remedy would unreasonably undermine the notice function of pleading even broadly construed claims.

this non-frivolous issue for further clarification, and Bauer indicates in his Motion and his Brief that he was interested in appealing. *See Flores-Ortega*, 528 U.S. at 480 (counsel has a constitutionally imposed duty to consult with a defendant when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing). Here, Bauer's counsel's deficient performance caused him to forfeit his appeal, and there are substantial reasons to believe that he would have appealed, if properly advised. *Keys*, 545 F.3d at 648.

### III. REMEDY

Bauer requests that he receive credit for time served pursuant to U.S.S.G. § 5G1.3, from August 27, 2005 to August 15, 2007, for a total of 626 days. (Brief at 10). However, the appropriate remedy in this case is to vacate Bauer's sentence, schedule his case for re-sentencing, with re-imposition of the same sentence, with the time for appeal then commencing to run from the date of re-sentence. *See Watson v. United States,* 493 F.3d 960, 964 (8th Cir. 2007)(remedy for defendant denied right to appeal when counsel failed to file notice of appeal as requested, is re-sentencing to allow defendant to timely appeal) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992).

### IV. CONCLUSION

Upon the foregoing, defendant Bauer's Motion Under 28 U.S.C § 2255 (docket no. 1) is **granted**, with respect to petitioner's right to appeal in Case No. CR06-02056, but **denied** as to the remedy he requests and in all other respects. Instead, petitioner's sentence in Case No. CR06-02056 will be **vacated**, and a re-sentencing hearing will be set,

by separate order, to re-impose the same sentence, in all respects, thereby restarting his time to appeal his sentence.

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA